IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BABCOCK & WILCOX COMPANY, | ) | CASE NO. 5:14CV514 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CORMETECH, INC., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

On September 21, 2017, Defendant Cormetech timely filed three motions in limine with exhibits attached. Docs. 143, 144, 145. The next day it filed a "Motion for Leave to File All Pre-Trial Motions Under Seal Consistent With the Parties' Stipulated Protective Order" ("Motion"). Doc. 146. For cause, Cormetech explained that it had been contacted by counsel for Plaintiff Babcock and Wilcox Company ("Babcock") and informed that the motions in limine contained testimony designated by the parties as confidential during the discovery phase of this case. Id., p. 1. In the Motion, Cormetech also sought leave to file two other pretrial motions after the deadline set in the Civil Trial Order, Doc. 132. Cormetech did not describe the subject matter of the two unfiled motions but stated that it has not filed them because it is awaiting the Court's order on the Motion before doing so. Id., pp. 1-2. The Court entered an order requiring Babcock to file its response, if any, to the Motion by 12:00 noon on Tuesday, September 26, 2017. *See* Order, 9/22/2017.

Babcock did not file a timely response. Six hours after the deadline set by the Court, it filed a Motion for Leave to File Partial Brief in Opposition to Defendant's Motion for Leave to File All Pre-Trial Motions Under Seal, *instanter*. Doc. 148. Babcock explained that it did not

1

timely file its brief because of the press of business in this and other cases. Doc. 148, p. 1. Babcock's motion to file its "Partial Brief in Opposition" is **DENIED**.

Cormetech's Motion requests blanket leave to file under seal in their entirety all pretrial motions and supporting documents. The relief sought by Cormetech is without precedent or support; as explained below, it is also wholly contrary to the law in this Circuit and to this Court's prior orders and is therefore **DENIED**.

<u>**Analysis**</u>

In 2016, more than two years after this case was filed, the Sixth Circuit made clear that sealing orders are rarely to be entered and that agreements by parties as to what may be designated as confidential for purposes of discovery, i.e., stipulated protective orders, have little, if any, bearing on the filing of documents under seal with the Court. In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), the Sixth Circuit emphasized that "very different considerations apply" when the case has moved beyond discovery. With regard to filing documents under seal, the Sixth Circuit stated, "[C]ourts have long recognized ... a strong presumption in favor of openness as to court records." *Id*. (internal quotations and citations omitted). The burden of overcoming the presumption of openness lies with the party seeking to seal filings and "[t]he burden is a heavy one: Only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (internal quotations omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason" and "[t]he proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-306 (internal quotation marks and citations omitted).

The Sixth Circuit and district courts within the Circuit have underscored the policy disfavoring sealing in subsequent opinions applying *Shane Group*. *See Rudd Equip. Co., Inc., v. John Deere Const. & Forestry Co.*, 834 F.3d 589, 593-594 (6th Cir. 2016) (affirming the district court's order to unseal documents previously filed under seal); *Graiser v. Visionworks of Am., Inc.*, 2016 WL 3597718 (N.D.Ohio July 5, 2016) (denying the defendant's request to file documents under seal or redact its sales figures in court filings).

Orders entered in this case likewise provide no support for Cormetech's Motion.[1] The Court's Case Management Conference Order ("CMC Order") entered on June 25, 2014, provides:

> Absent a statute or prior leave of Court, documents may not be filed under seal, see LR 5.2.
> No protective order or other sealing order is blanket authority to file entire documents under seal. Only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of a document which is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.
> ***

Doc. 20, pp. 5-6.[2]

Although Cormetech refers to "Doc. 20" as the parties' Stipulated Protective Order ("SPO"), cites to the SPO, and purports to attach the SPO to its Motion, "Doc. 20" is not the parties' protective order; it is the Court's CMC Order. Cormetech has attached the CMC Order, not the SPO, to its Motion. The SPO is Doc. 25. Also, although Cormetech purports to rely on the SPO and cites to "¶ 5.2," there is no paragraph 5.2 in either the CMC Order or the SPO. Thus, Cormetech has not even properly identified the order that it cites as authority for its

---

[1] In any event, any order inconsistent with *Shane Group* would be superseded by that decision.

[2] Under the CMC Order, if a party wishes to file an entire motion and attachments under seal, it must request for leave to file a redacted version and unredacted version. Cormetch did not request leave to file a redacted and unredacted version of its motions in limine.

Motion. Had Cormetech reviewed the SPO prior to filing the Motion, it might have noticed that the relief it requests is not warranted by that Order, which states that "there is a presumption in favor of open and public judicial proceedings" (Doc. 25, p. 1) and cautions that the SPO is entered "for the purpose of facilitating discovery" and that "[n]othing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) . . . ." Id., p. 9.

Cormetech does not identify any reasons, let alone compelling ones, that would justify non-disclosure of pre-trial motions, which are judicial records. It only states that, because these filings "contain deposition testimony previously marked 'confidential,'" it follows that they should be sealed now. Doc. 146, p. 2. But, as the Sixth Circuit has instructed, "very different considerations apply" when the case has moved beyond discovery. *See Shane Group*, 825 F.3d at 305. Cormetech has not explained why deposition testimony marked "confidential" for purposes of discovery should be filed under seal, and it certainly has not identified "the most compelling reasons [to] justify non-disclosure" of this evidence.[3] *Id*.

Cormetech does state that "the confidential material currently at issue" is "primarily the deposition testimony of B&W's sole engineering expert Stephen Niksa." Doc. 146, p. 2. However, both this Court and the Sixth Circuit have discussed Niksa's deposition testimony in some detail their opinions at the summary judgment stage; those opinions are judicial records that are open to the public. Niksa's testimony, therefore, hardly meets the standard for sealing set in *Shane Group*.

---

[3] In its proposed Partial Brief in Opposition, Babcock supports Cormetech's sealing request but also fails to offer any specific reason the documents should be sealed, asserting only that they contain material that had previously been marked "confidential." Doc. 148-1, p. 2.

Cormetech has articulated no reason why entire motions in limine and all exhibits thereto should be sealed, and the Court therefore **DENIES** Cormetech's Motion for Leave to File All Pre-Trial motions under seal (Doc. 146).

Cormetech is granted leave to file its other two pre-trial motions by 5:00 p.m. today, September 27, 2017. In accordance with the Court's Civil Trial Order (Doc. 132), Babcock's responses to Cormetech's three pending motions in limine are due by September 28, 2017. Babcock's responses to Cormetech's two soon-to-be-filed pretrial motions are due October 2, 2017.

Counsel is hereby advised that they are expected to submit all filings in this case in compliance with the deadlines set in the Court's orders.

IT IS SO ORDERED.

Dated: September 27, 2017

Kathleen B. Burke
United States Magistrate Judge