IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BABCOCK & WILCOX COMPANY, | ) | CASE NO. 5:14CV514 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CORMETECH, INC., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

Pending before the Court are five Motions in Limine filed by Defendant Cormetech, Inc. ("Cormetech"). Docs. 143, 144, 145, 150, 151. Plaintiff Babcock & Wilcox Company ("Babcock") has filed opposition briefs. Docs. 153, 155, 156, 162, 163. For the reasons explained below, the Court denies Cormetech's motions.

The Court previously summed up this case as follows: In December 2005, Babcock obtained a contract from Kansas City Power & Light Company ("KCP&L") to design and construct a Selective Catalyst Reduction ("SCR") system to control emissions from one of KCP&L's coal-burning power stations in La Cygne, Kansas. Thereafter, Babcock issued a purchase order to Cormetech to obtain catalyst modules to be used in the SCR. Cormetech guaranteed that the catalyst it supplied would not need to be replaced for 24,000 operating hours. However, the catalyst reached the end of its useful life well before the guaranteed number of hours. KCP&L made claims against Babcock and Babcock paid KCP&L $3.5 million pursuant to a settlement reached in mediation. Babcock seeks to recover the settlement amount from Cormetech, asserting two claims: breach of warranty and indemnity. Doc. 121, p. 1.

On appeal from this Court's entry of summary judgment in favor of Cormetech, the Sixth Circuit reversed and held that Babcock's claims raise questions of fact that are for the jury to decide. *See Babcock & Wilcox Co. v. Cormetech*, 848 F.3d 754 (6th Cir. 2017).[1] Cormetech's motions in limine seek to prevent Babcock from making arguments and presenting evidence to support its breach of warranty and indemnity claims.

**Analysis**

1. Motion in Limine to Preclude Plaintiff From Arguing There Was a Defect or Problem with the Formulation of Defendant's Catalyst (Doc. 143).

Cormetech argues that Babcock should be precluded from arguing at trial that there was a defect or problem with Cormetech's formulation of the catalyst. Doc. 143. It contends that Babcock has no evidence to support such an argument and any such argument is based on speculation and conjecture. Doc. 143, p. 3. Cormetech highlights deposition testimony from Babcock's expert Stephen Niksa and Babcock employees Jason Chitwood, Mark Low, and John Monacelli to illustrate that the evidence is inadequate to show a defect or problem with the formulation of the catalyst. Doc. 143, pp. 4-5. But the Sixth Circuit disagreed:

> The deposition testimony of Chitwood, Low, and Monacelli stating their opinions about Cormetech's failure to formulate a suitable catalyst, albeit not compelling, is some evidence. Granted, their opinions are not well supported and are informed by hindsight that compromises the value of their assessment of what Cormetech ought to have known and done in 2006–07, when the catalyst design was formulated. Still, the district court's outright dismissal of their opinions as nothing but "rank speculation" is unwarranted at this stage.

*Babcock*, 848 F.3d at 763. The Sixth Circuit went on to observe that the opinions of Chitwood, Low and Monacelli were "buttressed" by the report of Babcock's expert, Stephen Niksa. *Id*. In other words, the Sixth Circuit founds that there was sufficient evidence to go to the jury and to support an argument that the formulation of Cormetech's catalyst was defective and/or

---

[1] One of the Sixth Circuit panel members dissented with respect to the indemnity claim.

inappropriate. Accordingly, Cormetech's motion to prevent Babcock arguing this theory (Doc. 143) is **DENIED**.

2. Motion in Limine to Preclude Plaintiff From Arguing There Was Any Connection Between LOI and Phosphorous Poisoning (Doc. 144).

Cormetech argues that Babcock should be prevented from arguing at trial that there was a connection between Loss on Ignition ("LOI") and phosphorous poisoning. It refers to any connection between LOI and phosphorous poisoning as "mere speculation and conjecture, rather than supportive evidence." Doc. 144, p. 3. In support, it relies on Niksa's deposition testimony, Id., pp. 4-5, but ignores his expert report. The Sixth Circuit approvingly quoted the following passage from Niksa's expert report as evidence showing that Cormetech failed to account for the potential for phosphorous poisoning in its catalyst:

> By failing to properly account for the potential for P[hosphorous] poisoning in its catalyst design for the La Cygne SCR, despite a clear warning in the remarkably high LOI [loss on ignition] levels from this furnace, Cormetech installed catalyst that was unfit for this SCR, and therefore had no chance to meet contract specifications.

*Babcock*, 848 F.3d at 763 (quoting Niksa's report). Whether there is a sufficient factual basis for Niksa's opinion that high LOI levels provided a warning to Cormetech regarding the potential for phosphorus poising and that Cormetech failed properly to account for that potential is an issue of fact to be decided by the jury, and Cormetech cannot prevent Babcock from presenting such evidence or from making an argument based on the evidence. Cormetech's motion (Doc. 144) is **DENIED**.

3. Motion in Limine To Preclude Plaintiff From Arguing There Was Any Defect in the Catalyst (Doc. 150).

Cormetech argues that Babcock should be prevented from arguing at trial that there was a defect in the catalyst. In support, Cormetech relies upon Niksa's deposition, in which Niksa was unable to identify a defect in the catalyst. Doc. 150, pp. 4-5. The fact that Niksa, at deposition,

could not identify a defect in the catalyst is not grounds for preventing Babcock from arguing at trial that there was a defect in the catalyst. As Babcock observes, defects can be established by circumstantial evidence. Doc. 162, pp. 4-5 (collecting cases). This issue is for the jury; Cormetech's motion (Doc. 150) is **DENIED**.

4. Motion in Limine to Exclude Testimony of Plaintiff's Expert Witness Stephen Niksa (Doc. 151).

Cormetech argues that Niksa, Babcock's expert, should not be permitted to testify at trial because he was unable to identify a defect in the catalyst at his deposition. Doc. 151, p. 4. It also challenges his fitness as an expert under Fed. R. Evid. 702, relying solely on his deposition testimony to challenge his fitness. Id., p. 6. But the Sixth Circuit held that the conclusions in Niksa's expert report cannot be disregarded due to the alleged inconsistencies between his report and his deposition testimony. *Babcock*, 848 F.3d at 763-764. Cormetech apparently believes that that there are flaws in Niksa's opinions and reasoning such that he will not prove to be a strong witness for Babcock but that does not mean that he should be excluded as a witness or is unfit to testify as an expert. Cormetech will have an opportunity to cross examine him at trial and the jury will decide how reliable his testimony is. Cormetech's Motion is **DENIED**.

5. Motion in Limine to Preclude Plaintiff From Arguing There Was a Prior Phosphorus Poisoning Incident (Doc. 145).

Cormetech argues that Babcock should not be permitted to argue at trial that there was a prior phosphorus poisoning incident at the Hawthorn plant because "the Hawthorn[] plant incident is wholly unrelated to the La Cygne plant incident at issue[.]" Doc. 145, p. 1. Babcock explains the relevance of the Hawthorn plant as follows: the Hawthorn plant was also a plant operated by KCP&L for which Babcock provided an SCR system. Babcock contracted with a company called Hitatchi to supply catalyst. Hitatchi's catalyst failed to reach its guaranteed life

4

of 24,000 hours.  Babcock replaced the Hitatchi catalyst with Cormetech catalyst, but Cormetech's catalyst also failed.  An investigation determined Cormetech's catalyst failed due to phosphorus poisoning.  Doc. 156, pp. 3-4.  Babcock submits that this information is relevant to show what Cormetech knew about the potential for phosphorus poisoning when it provided catalyst for the SCR at the La Cygne plant.  Id., pp. 2, 5-6.

Both parties cite expert reports in support of their arguments.  Doc. 145, p. 5 (Cormetech citing an unidentified 44-page "Technology Review" that appears to be favorable to its position with respect to what it knew or should have known after the Hawthorn incident); Doc. 156, p. 6 (Babcock referencing Niksa's rebuttal report, which appears to be favorable to Babcock's position with respect to what Cormetech knew or should have known after the Hawthorn incident).  In other words, the parties' two experts disagree.  It is for the jury to decide which expert it believes; what Cormetech knew or should have known about the potential for phosphorus poisoning prior to contracting with Babcock to provide catalyst for the La Cygne plant is relevant to the issues in this case.  Cormetech's motion to prevent Babcock from arguing there was a prior phosphorus poisoning incident (Doc. 145) is **DENIED**.

IT IS SO ORDERED.

Dated: October 3, 2017

Kathleen B. Burke
United States Magistrate Judge

5